UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MIRIAM KAUFMAN-LAX

                Plaintiff,

        -against-

COHEN & SLAMOWITZ, LLP,

                Defendant.
----------------------------------------------------------X

Index No. CV-12-4475

ANSWER WITH COUNTERCLAIM

## ANSWER

Defendant, COHEN & SLAMOWITZ, LLP (hereinafter "Defendant"), in answering Plaintiff's Complaint, respectfully alleges the following:

    FIRST:    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1".

    SECOND:    Defendant denies knowledge or information sufficient to for a belief as to the truth of the allegations set forth in paragraph "2".

    THIRD:    Defendant admits that it is a law firm located at 199 Crossways Park Drive, Woodbury, New York, 11797 and is authorized to do business in the State of New York..

    FOURTH:    Defendant admits the allegations set forth in paragraph "4".

    FIFTH:    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5".

    SIXTH:    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6".

    SEVENTH:    Defendant repeats, reiterates and incorporates the responses, defensives, and counterclaims set forth in paragraphs 1-6.

    EIGHTH:    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8".

NINTH:         Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9".

TENTH:         Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10".

ELEVENTH:      Defendant denies the allegations set forth in paragraph "11".

TWELFTH:       Defendant denies the allegations set forth in paragraph "12".

THIRTEENTH:    Defendant denies the allegations set forth in paragraph "13".

FOURTEENTH:    Defendant denies the allegations set forth in paragraph "14".

FIFTEENTH:     Defendant denies the allegations set forth in paragraph "15".

SIXTEENTH:     Defendant repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

SEVENTEENTH:   Defendant denies the allegations set forth in paragraph "17".

EIGHTEENTH:    Defendant denies the allegations set forth in paragraph "18".

NINETEENTH:    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "19".

### As and For a First Affirmative Defense

1.   Plaintiff's Complaint fails to set forth a cause of action upon which relief may be granted.

### As and For a Second Affirmative Defense

2.   Any alleged damages sustained by Plaintiff were caused by her own culpable conduct and/or the culpable conduct of third parties not under the custody or control of Defendant and were not caused by any purported wrongful conduct on the part of the Defendant.

### As and For a Third Affirmative Defense

3.   Plaintiff's claims are barred by the doctrine of unclean hands.

### As and For a Fourth Affirmative Defense

4. Plaintiff's claims are barred by her failure to mitigate the alleged damages.

### As and For a Fifth Affirmative Defense

5. Plaintiff has failed to join all necessary parties to this action.

### As and For a Sixth Affirmative Defense

6. Plaintiff's claims are barred by the Statute of Limitations.

### As and For Defendant's Counterclaim

1. Plaintiff's action has been brought in bad faith as there were no violations of the FDCPA or any relevant consumer protection statute.

2. Accordingly, Defendant seeks reasonable attorneys' fees and costs associated with its defense of this baseless action.

**WHEREFORE,** Defendant respectfully request that this Honorable Court enter a judgment dismissing Plaintiff's action in its entirety with prejudice and granting Defendant's Counterclaim including but not limited to reasonable attorney's fees as well as costs incurred in defending said action, together with further or additional relief as this Court may deem just and equitable.

DATED:   Woodbury, New York
         November 12, 2012          S//   [signature]

By: Leandre M. John, Esq. (LJ 7888)
COHEN & SLAMOWITZ, LLP
Defendant Pro Se
199 Crossways Park Drive
P.O. Box 9004
Woodbury, New York 11797
(516) 364-6006